IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Logan, *a/k/a Jack Logan*, | ) ) ) | C/A No. 7:16-cv-02433-TMC-KFM |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Instant Cash, | ) ) | |
| Defendant. | ) | |

The plaintiff, proceeding *pro se*, brings this civil action asserting that his rights have been violated. The plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

In his complaint, the plaintiff alleges that he paid the full balance on a car loan owed to the defendant (doc. 1 at 5). He contends that the defendant violated federal law by failing to report the remaining loan balance on his past receipts (*id.*). The plaintiff requests his car title, the return of "all monies I have paid them," that "all payments cease," and one million dollars in damages (*id.*).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (internal quotation marks and citation omitted); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (holding that federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively

granted by federal statute."); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to a federal court's *power* to hear a case . . . and that power is generally conferred by the basic statutory grants of subject matter jurisdiction.").

Here, the plaintiff does not allege a violation of the United States Constitution or any federal law. In his complaint, the plaintiff appears to reference the Fair and Accurate Credit Transactions Act ("FACTA"), which requires that credit card and debit card numbers be truncated upon transaction receipts. *See* Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, 117 Stat. 1952. However, the plaintiff does not allege that he used a credit card or debit card in his dealings with the defendant; instead, the plaintiff states that the defendant failed to include the remaining balance of the loan on his receipts, which is not required by FACTA. Thus, there is no federal question jurisdiction over this action. Nor is diversity of citizenship alleged (*see* comp. at 2 (alleging that the plaintiff and the defendant are located in South Carolina)). Accordingly, this Court lacks subject matter jurisdiction over the plaintiff's claim.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

s/Kevin F. McDonald

August 9, 2016
Greenville, South Carolina

Kevin F. McDonald
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  300 East Washington Street, Room 239
>  Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).