IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jackie Logan, <br> a/k/a Jack Logan, | ) <br> ) | Civil Action No. 7:16-2433-TMC |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **ORDER** |
| Instant Cash, | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process. (ECF No. 13). Plaintiff was advised of his right to file objections to the Report. (ECF No. 13 at 4). Plaintiff has filed objections. (ECF No. 16).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Complaint, Plaintiff alleges a violation under federal law for the failure to truncate his credit card information and for failing to show his balance on his receipts. (Compl. at 3, 5). He alleges he has paid his account with Defendant off in full, and he is seeking the return of the title to his car. (Compl. at 5). In his Report, the Magistrate Judge found that Plaintiff has not alleged a violation of the United States Constitution or any federal law. (Report at 3). The Magistrate Judge assumed Plaintiff was asserting a claim under the Fair and Accurate Credit Transactions Act, and determined that Plaintiff failed to state any claim under that Act. *Id.*

In his objections, Plaintiff asserts that he "is raising questions under the EFT. Electronic Fund Transfer." (Objections at 1). He contends that when he paid on his account with his debit card, he never received receipts showing his balance. *Id*.

While Plaintiff alleges that Defendant's actions violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., he does not allege or cite to any specific sections of the EFTA. The EFTA creates a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems" and safeguards "individual consumer rights." 15 U.S.C. § 1693. Section 1693d© requires that financial institutions provide periodic statements to consumers, which is to include the balance of the consumer's account. The regulations that implement the EFTA define a "financial institution" as "a bank, savings association, credit union, or any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services." 12 C.F.R. § 1005.2(I). An

"account" is defined by the act as "a demand deposit, savings deposit, or other asset account." 15 U.S.C. § 1693a(2).  Plaintiff does not allege defendant holds any *depository* account.  Rather, Plaintiff contends he owed Defendant money on a loan and he paid Defendants payments with his debit card.  Accordingly, based on the allegations in the Complaint, the court finds the EFTA is inapplicable.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Based on the foregoing, the court adopts the Report (ECF No. 13) and incorporates it herein, and Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District  Judge

February 2, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.